436

In the Matter of BERNARD G. WALPIN, an Attorney, Respondent.
ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK,
Petitioner.

First Department, January 9, 1975.

*John G. Bonomi* of counsel (*Mary McDonald* with him on the brief), for petitioner.

*Irving Anolik* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Judicial Department on November 2, 1942. On December 29, 1970 he was convicted upon his plea of guilty of conspiracy to defraud the Federal Housing Administration with respect to a multiple dwelling co-operative housing project. Respondent received a suspended sentence and was placed on probation for one year.

The gravamen of the conspiracy was that statements filed with the Federal Housing Administration falsely indicated that the subscribers to a multiple dwelling co-operative housing project in which respondent was interested, had fully paid the required price and that 90% of the apartments had been sold. Respondent admits the conviction but urges that his conduct is not violative of section 90 of the New York Judiciary Law. He also claims that his primary motivation was to advance the creation of much needed housing and that no one was defrauded in the sense of losing money by respondent's actions.

Petitioner concedes that respondent's conviction is not cognizable as a felony under New York law but requests that we confirm the Referee's report and that we suspend respondent for an appropriate period of time. We agree with the Referee that the charge of professional misconduct against respondent has been established and his report is confirmed.

The Referee invites our attention to evidence in the record that respondent was an experienced lawyer, highly regarded in his professional and private life, of high integrity with a successful career honorably conducted.

We consider the high regard in which respondent has been held during his more than 30 years at the Bar without blemish and the punishment already inflicted upon him. However, a proper regard for the protection of the public would indicate that he should be suspended from the practice of law for a period of two years and until the further order of this court.

MARKEWICH, J. P., NUNEZ, MURPHY, LUPIANO and TILZER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective February 10, 1975.