In the Matter of STEVEN SCHIFF, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 10, 1980

### APPEARANCES OF COUNSEL

*James R. Cohen* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Andrew M. Lawler* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was indicted in the United States District Court for the Southern District of New York for payment of a gratuity to a Federal employee, a felony under Federal law (US Code, tit 18, §§ 2, 201, subd [f]). He pleaded guilty to the

charge and was sentenced to pay a fine of $1,000. Thereafter the Departmental Disciplinary Committee, acting under authority of *Matter of Chu* (42 NY2d 490) and *Matter of Thies* (45 NY2d 865) moved to strike respondent's name from the roll of attorneys.

Subsequently, by notice returnable August 7, 1979, and while the application of the Departmental Disciplinary Committee was pending, respondent moved that the matter be referred to a Referee. Two grounds were urged upon us: (1) the Federal crime of which he had been convicted constitutes a class A misdemeanor under State law (giving unlawful gratutities, Penal Law, § 200.30); and (2) the amendment of subdivision 4 of section 90 of the Judiciary Law limited the automatic effect of *Chu* and *Thies* to those Federal felonies which would constitute felonies under the law of this State, and under section 90 (subd 4, par h) of the Judiciary Law a reference would be appropriate to inquire into the matter. Petitioner, the Departmental Disciplinary Committee, made answer to this motion by requesting that respondent be suspended from practice pending disposition of the proceeding in accordance with section 90 (subd 4, par h) of the Judiciary Law.

On October 25, 1979, we granted respondent's application for a reference, suspended him from the practice of law pending disposition of the proceeding and held in abeyance petitioner's application to strike respondent's name from the roll of attorneys (72 AD2d 530).

The matter proceeded to hearing before the Referee designated by us. The specific charge alleged the conviction of respondent for "giving, offering and promising a thing of value to a public official in violation of 18 USC §§ 2 and 201(f)" a felony under Federal law. Respondent, who interposed no formal answer, admitted the conviction in writing.

Inasmuch as respondent is barred from relitigating his conviction *(Matter of Levy,* 37 NY2d 279), his defense, offered in mitigation, consisted solely of character evidence. The Referee found that the charge had been proven and recommended "that the respondent be disciplined, including appropriate suspension from the practice of law". Petitioner has moved to confirm the findings and recommendation of the Referee. While respondent agrees that the findings be confirmed, he opposes the recommendation and argues that the penalty to be imposed upon him be limited to that of censure.

The conduct here involved scarcely comports with the stan-

dard of conduct demanded of members of the Bar. Within the meaning of section 90 (subd 4, par d) of the Judiciary Law it constitutes a "serious crime" and must be dealt with accordingly. In the circumstances we conclude that suspension from the practice of law for a period of one year is appropriate. We are not unmindful that our order entered October 25, 1979, which granted respondent's application for a reference, suspended him from practice as of that day. Hence, the order to be entered herein shall measure the period of suspension from that date.

MURPHY, P. J., KUPFERMAN, SANDLER, LUPIANO and BLOOM, JJ., concur.

Motion to confirm report of the Referee granted, and respondent's suspension from practice as an attorney and counselor at law in the State of New York shall be for a period of one year, effective as of October 25, 1979, the date of entry of this court's previous order.