In the Matter of DAVID H. HALL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 28, 1982

**APPEARANCES OF COUNSEL**

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Earl H. Nemser* of counsel (*Cadwalader, Wickersham & Taft,* attorneys), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent, a member of the Bar of this State, was admitted to practice in March, 1966 in the First Department. In 1980 he was charged, in a six-count indictment filed in the United States District Court for the Southern District of New York, with securities fraud and breach of a fiduciary duty to corporate clients. The indictment arose out of the utilization of nonpublic material and confidential information for the purpose of trading in the stock of the clients, in violation of subdivision (b) of section 78j and section 78ff of title 15 of the United States Code, 17 CFR 240.10b-5 and section 2 of title 18 of the United States Code. Respondent pleaded guilty to counts 5 and 6 of the indictment as a result of which the first four counts were dismissed. Respondent was sentenced to 26 days in jail on

count 5 on December 23, 1980. He commenced serving this term on January 5, 1981 and concluded it on January 30, 1981. The imposition of sentence on count 6 was suspended and he was placed on probation on that count for a period of two years.

Respondent, a specialist in the field of takeover and other corporate conflict problems, was retained in 1979 to advise a corporate client on certain problems. The corporation devised a plan to repurchase a large number of its own shares. As counsel to the firm he participated in meetings of the board and with corporate executives in the formulation of the plan of repurchase and assisted in the preparation and drafting of documents in connection therewith. Prior to the offering to the public respondent purchased shares for himself.

Subsequently, the American Stock Exchange (Amex) instituted an inquiry into trading of the stock immediately prior to the tender period. This disclosed the purchase of the firm's stock by respondent. Respondent was contacted by Amex, and thereafter, and prior to the expiration of the tender period, he rescinded the purchases made by him.

The matter was referred by Amex to the Securities Exchange Commission which initiated an investigation into all of respondent's trading transactions. This disclosed that between 1974 and 1979 respondent had been guilty of insider trading violations stemming from the purchase of stock in five companies. The result was a consent decree which enjoined respondent from future conduct in violation of the securities laws and required respondent to disgorge the profits realized in some or all of the transactions involved. The indictment followed.

Thereafter, this disciplinary proceeding was instituted. By order of this court dated June 16, 1981, respondent was suspended from practice of the law and the matter referred to the Departmental Disciplinary Committee to hear and report thereon. The committee has completed its hearings and their report is now before us.

The only matter at issue between the parties is the sanction to be imposed. The committee recommends that respondent be suspended for a period of two years while respondent contends that inasmuch as he voluntarily re-

frained from the practice of law from September 30, 1980, some eight months prior to our order of suspension, has served a jail term of 26 days and has faithfully complied with the terms of his probation which included 250 hours of volunteer work in a community services program, and has a prior unblemished record, the sanction should be limited to censure, or, at worst, suspension from practice for a period of one year.

So far as the record discloses, respondent is still on probation. That probationary term will not expire until December 23, 1982 at the earliest; perhaps, not until January 30, 1983. In these circumstances, we are of the opinion that the motion of the Departmental Disciplinary Committee should be granted and the cross motion of respondent denied.

Accordingly, respondent is suspended for a period of two years commencing July 16, 1981, the date fixed in our original order of suspension, and until the further order of this court.

KUPFERMAN, J. P., SULLIVAN, SILVERMAN, BLOOM and MILONAS, JJ., concur.

Cross motion to modify report denied. Motion to confirm report granted and respondent suspended from practice as an attorney and counselor at law for a period of two years commencing July 16, 1981 as indicated in the order of this court.