In the Matter of CARLO FLORENTINO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 26, 1984

**APPEARANCES OF COUNSEL**

*Sarah Diane McShea* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Robert G. Morvillo* and *Robert J. Anello* of counsel (*Obermaier, Morvillo & Abramowitz, P.C.,* attorneys), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice in the Second Judicial Department on February 23, 1972. On October 4, 1982, respondent pleaded guilty in the United States District Court for the Southern District to two felony counts of insider trading in violation of section 78j (subd [b]) and section 78ff of title 15 of the United States Code, rule 10b-5 of the Securities and Exchange Act (17 CFR 240.10b-5) and

section 78u (subd [e]) and section 78ff of title 15 of the United States Code, rule 14e-3 of the Securities and Exchange Act (17 CFR 240.14e-3).

It was alleged that as a result of insider information about companies involved in takeovers and mergers, acquired while an associate with Davis, Polk and Wardell and subsequently, as a partner in Wachtell, Lipton, Rosen & Katz, respondent purchased shares of stock and made a profit of approximately $500,000 from these transactions.

Respondent was sentenced on October 4, 1982 to one year incarceration; imposition of sentence was suspended and respondent was placed on probation for two years and directed to disgorge all profits he earned in transactions he engaged in while using insider information.

On January 23, 1983, the Committee filed a "serious crime" petition, pursuant to subdivision 4 of section 90 of the Judiciary Law, predicated exclusively upon respondent's conviction, and asked this court for an order of discipline.

An order was entered on March 15, 1983 by this court, suspending respondent from the practice of law immediately and ordering respondent to show cause why a final order of suspension, censure or removal from office should not occur.

Pursuant to respondent's motion the matter was referred to a referee for a hearing or investigation, and on June 9, 1983, this court appointed a referee, the Honorable Mario Procaccino, to hear, report and recommend concerning any factors relevant to the issue of sanctions which the court may impose.

Hearings were held, and a report filed by the referee which is now before us, in which he recommended that respondent be suspended for a period of two years effective March 15, 1983.

The only matter at issue is the sanction to be imposed. The committee moves to confirm in part the report and to disaffirm his recommendation that respondent be suspended for a period of two years. Petitioner recommends that respondent be suspended for a period of three years.

Respondent opposes petitioner's motion and cross moves to confirm the recommendation of Referee Procaccino with the modification that the two-year period be measured from October 4, 1982, the date of the conviction, instead of March 15, 1983, the date of the suspension, so as to coincide with respondent's probationary period.

It is petitioner's contention in recommending a three-year suspension that respondent's acts, if committed today, would result in automatic disbarment and that the public needs to be protected. At the time the insider trading took place, it was denominated a misdemeanor under New York law (General Business Law, § 352-c). That section was amended in September 1, 1982, after the occurrence of the illegal transaction herein, making the fraudulent conduct a class "E" felony.

The respondent in moving to confirm the referee's determination in part, has not denied that he committed a fraud on his colleagues, clients and the public and does not condone nor justify what he has done. He claims in mitigation and explanation that he had severe emotional problems at the time of the insider trading and testified that he has disgorged all the profits and that he never again will violate the law.

In *Matter of Hall* (89 AD2d 307), in a somewhat similar situation involving insider trading, respondent who pleaded guilty to two counts of insider trading received a suspended sentence and two years' probation from the Federal court. This court suspended respondent Hall for a period of two years from the date fixed by the court's original order and not from the date when respondent voluntarily stopped practicing law. In *Matter of Schiff* (74 AD2d 161), this court noted that it will not reinstate an attorney to practice while he is on probation.

Motion by petitioner and cross motion by respondent to modify referee's report are denied.

We see no reason to disturb the referee's recommendation. Accordingly, the report of the referee is confirmed, and respondent is suspended from practice for a period of two years effective March 15, 1983.

KUPFERMAN, J. P., SULLIVAN, CARRO, SILVERMAN and BLOOM, JJ., concur.

Motion by petitioner and cross motion by respondent insofar as they seek to modify the referee's report are denied, the report of the referee is confirmed, and respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of two years effective March 15, 1983.