In the Matter of WILLIAM GOFFEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 29, 1984

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

*John G. Bonomi, P. C.,* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order pursuant to 22 NYCRR 603.4 (d) confirming the findings of fact and conclusions of law of a hearing panel and recommendation directing that respondent William Goffen be disbarred on the grounds that respondent has been guilty of professional misconduct and conduct prejudicial to the administration of justice as an attorney and counselor at law, in that respondent offered to make and did make a payment of money to an employee of the Supreme Court, New York County, for the purpose of expediting a decision in a matter pending in that court. Respondent cross-moves for an order confirming the hearing panel's findings of fact and disaffirming the Departmental Disciplinary Committee's recommendation that respondent be disbarred and requesting that the sanction against him be limited to public censure.

Respondent was admitted to practice in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, on April 17, 1940. Respondent maintained an office for the practice of law within the First Judicial Department from at least February 1, 1977 to at least February, 1982.

In February, 1977 and immediately thereafter, respondent represented a petitioner, Barbara Brothers, in a CPLR article 78 proceeding against the Department of Labor of the State of New York, which had been *sub judice* in the Supreme Court, New York County, since mid-October, 1976. On or about March 1, 1977, while still representing Miss Brothers, respondent met with Abram Brown, an employee in the Supreme Court, New York County, concerning a decision in the aforesaid article 78 proceeding. During the course of that meeting, respondent offered to pay $250 to Brown, if Brown would expedite a decision in that article 78 proceeding. On or about May 6, 1977, the court rendered a decision in the aforesaid article 78 proceeding and on or about May 25, 1977, respondent, while still representing Miss Brothers, met Brown and gave Brown $75 for his efforts in seeking to expedite a decision in the aforesaid article 78 proceeding. In addition, on one prior occasion respondent had paid money to Brown to expedite a decision pending in Supreme Court, New York County. The hearing panel specifically found that respondent neither offered to pay money to Brown, nor did he actually pay money to Brown in order to influence a decision in the aforesaid article 78 proceeding in which respondent was representing Miss Brothers.

Respondent is 74 years of age and has been suffering from Parkinson's disease, a progressively debilitating disease of the nervous system, since 1974. He has been a member of the Bar for 43 years and prior to the present proceeding has never been the subject of disciplinary charges before the Appellate Division. Respondent fully cooperated with the New York County Grand Jury inquiry concerning Abram Brown. Further, respondent has cooperated with the Disciplinary Committee in every stage of its investigation. Respondent testified candidly and frankly before the Committee, admitting that he had given Brown

the gratuity charged in the statement of charges. He also freely admitted that in one other matter, five years before the *Brothers* case, he had paid Brown money to expedite a motion. Respondent testified that in offering to pay a gratuity to Brown, he believed that unless the *Brothers* case was expedited, his client, who had been telephoning him daily, "would be utterly destroyed". Respondent gave up his office for the practice of law in February, 1982, and is presently retired from the active practice of law. In addition, respondent has submitted 20 letters from attorneys, clients, members of the Religious Society of Friends and others, attesting to his high reputation for honesty, integrity and trustworthiness in the legal and general community. Respondent has taught business law as a lecturer and later as an adjunct professor, is a contributor to legal periodicals, the author of a book on the "Law of Trusts" and was formerly a weekly columnist for the *Civil Service Leader*. Respondent has also served in Bar Association and civic activities.

The discipline heretofore imposed in unlawful gratuity cases with mitigating factors has included censure (see *Matter of Goldstein,* 82 AD2d 457; *Matter of Notarius,* 49 AD2d 102; *Matter of Ross,* 38 AD2d 98). In *Matter of Goldstein (supra),* the respondent had engaged in a continuing pattern of misconduct involving the payment of gratuities to an official of the Suffolk County Alcoholic Beverage Control Board to expedite his clients' applications for liquor licenses. The Appellate Division, Second Department, in censuring the respondent noted the respondent's previously unblemished record, the fact that he cooperated with the District Attorney and the Grievance Committee throughout the entire proceedings, and other mitigating circumstances. Likewise in this case, the respondent has never been charged with and found guilty of misconduct in a proceeding before this court although he has been a lawyer for 43 years. Further, he cooperated fully in the investigation of Brown conducted by District Attorney Morgenthau and the staff of the Disciplinary Committee.

In *Matter of Notarius (supra),* the respondent was convicted of the crime of paying an unlawful gratuity to a police officer. In imposing the sanction of censure, this

court noted that respondent had never before been the subject of a disciplinary proceeding, that several witnesses had testified to his good reputation and standing in the community and that there was little likelihood that the offense would be repeated or the interests of the public jeopardized. This respondent was not convicted of a crime, unlike the attorney in *Notarius*. Rather, the disciplinary charge is predicated on his immunized testimony as a cooperative witness before a New York County Grand Jury. Like the respondent in *Notarius,* this respondent has never been the subject of a disciplinary proceeding and offered into evidence character letters from 20 members of the legal and general community attesting to his high reputation for integrity and honesty. Also, in light of respondent's age, deteriorating physical condition and retirement from the practice of law, there is no possibility that his offense will be repeated, or that the interests of the public will be jeopardized.

In *Matter of Ross* (*supra,* p 99), the respondent was convicted after trial of "causing an employee of the Internal Revenue Service to process income taxes in such a manner as to avoid an audit." He served 90 days in a Federal penitentiary as well as a two-year probation period. Although, unlike respondent in the instant matter, Ross was convicted of a "serious crime" which warranted a prison sentence, this court imposed a punishment of censure in light of his "excellent prior record, and the high regard in which respondent is held in the community" (*supra,* p 99).

In another recent "gratuity" case, *Matter of Lowell* (88 AD2d 128), this court suspended the respondent for 18 months. The attorney in *Lowell* had been convicted after trial of the Federal felony of conspiracy to defraud the United States by paying monthly kickbacks to General Services Administration employees for a period of several years. This court stated that the "closest cases on the facts" which had been called to its attention were *Matter of Friedman* (37 AD2d 81), *Matter of Walpin* (46 AD2d 436), and *Matter of Schiff* (74 AD2d 161) in which the sanctions imposed were suspensions of one to two years. This court stated (p 131) that "in each of these three cases the conduct

only related to one isolated transgression. The present case involves a conspiracy to make regular monthly payments to GSA employees over a period of years".

In the ordinary case, the various factors raised in mitigation by respondent might lead this court, in view of the cited precedent, to impose a penalty of public censure. We view the actions of respondent herein, however, with the utmost seriousness since they impinged on the administration of justice in the courts.

Therefore, we have determined to impose the more severe sanction of suspension.

The motion and cross motion of petitioner and respondent are granted to the extent that the findings of fact of the hearing panel are confirmed. Respondent is guilty of offering to make, and of making, a payment of money to an employee of the Supreme Court, New York County, for the purpose of expediting a decision in a matter pending before that court, in violation of 22 NYCRR 603.20 and DR 1-102 (A) (1), DR 1-102 (A) (3), DR 1-102 (A) (4), DR 1-102 (A) (5), DR 1-102 (A) (6) and DR 7-110 (A) of the Code of Professional Responsibility.

Accordingly, the respondent should be suspended from practice as an attorney and counselor at law in the State of New York for a period of two years and until the further order of this court.

SILVERMAN, J. (dissenting). I would confirm the Disciplinary Committee's recommendation that respondent be disbarred.

Respondent's action in paying money to a law assistant of the Supreme Court — whether to "expedite" or to influence a decision of a case — struck at the integrity of the court system and the legal profession. I therefore think the only appropriate sanction is disbarment.

The fact that respondent is now elderly and ill does not justify a different result. If we think respondent will not and should not ever again practice law, we should disbar. Suspension on the theory that respondent will never apply for reinstatement does respondent no good, and blurs the clarity and depth of our condemnation of respondent's conduct, both in respondent's eyes and in those of other lawyers who might in the future be similarly tempted.

SANDLER, J. P., ASCH and KASSAL, JJ., concur; SILVER-MAN and BLOOM, JJ., dissent in an opinion by SILVERMAN, J.

Findings of fact and conclusions of law are confirmed, the recommendation of the hearing panel disaffirmed, and respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective September 28, 1984, and until the further order of this court.