In the Matter of EDWARD B. SAFRAN (Admitted as EDWARD BERLE SAFRAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 14, 1985

### APPEARANCES OF COUNSEL

*Patricia Smillie-Scavelli* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Edward B. Safran* (admitted as *Edward Berle Safran*), respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice on December 23, 1964 in the Second Judicial Department. After 15 years in general practice, involved primarily with insurance and negligence work, respondent was hired as managing director of a foreign corporation which was a general partner of a limited partnership dealing in the syndication of coal properties. Respondent had no expertise in this business, and relied upon others, including attorneys and an accountant who were supposedly specialists in this area. Respondent worked for this company for about a year, earning fees totaling $125,000 to $130,000. During this period he issued offering memoranda which failed to disclose the identities of promoters of the venture, supposedly in reliance on

advice from the company's lawyer that these promoters, who had initially recruited respondent for the job, were actually paid consultants who did not have to be listed. When respondent realized, in 1980, that he did not have the fiscal control over the company that was part of his duties, he suspected that he had been set up as a "dummy" in an illegal scheme. However, he did not report his suspicions to the Securities and Exchange Commission or any other agency until he learned that the District Attorney was investigating the coal syndicate. He then contacted the District Attorney and cooperated fully in an investigation which led to the indictment and conviction of a number of respondent's associates in the venture. Respondent testified before the Grand Jury and at the trial of his coconspirators. He then avoided indictment by pleading guilty to conspiracy in the fifth degree to commit felonious grand larceny and a felonious scheme to defraud, and a violation of General Business Law § 352-c, both misdemeanors. On September 27, 1983, respondent was sentenced to two concurrent terms of 30 days' imprisonment, and probation for 2 years and 11 months. He served 30 days at Rikers Island. It is presumed that probation will expire no earlier than September 1986.

Inasmuch as these misdemeanors constituted "serious crimes" (Judiciary Law § 90 [4] [d]), respondent was automatically suspended from the practice of law on an interim basis (§ 90 [4] [f]) as of April 26, 1984 (102 AD2d 776). A hearing was thereafter conducted on the question of permanent disciplinary action. At the conclusion of the hearing, petitioner recommended a suspension for three years. The referee rejected this as too harsh because it overlooked respondent's "previous good record, his ignorant nongreedy participation in the criminal conspiracy because of the advice of legal 'experts', and his extensive assistance to the District Attorney in the investigation and prosecution of respondent's fellow conspirators." He also rejected respondent's recommendation for a suspension for nine months retroactive to the commencement of the interim suspension, as too lenient because it overlooked the facts that when respondent learned he did not control the fiscal affairs of the company he was managing, "he failed to report this information to the S.E.C. and continued to participate in the conspiracy." The referee recommended suspension from the practice of law "for a period of one year in addition to the period of respondent's interim suspension", a recommendation now concurred in by petitioner.

Respondent's largely unwitting participation in the scheme may well have been minimal. His cooperation with the authorities in the criminal investigation and prosecution, his previ-

ously unblemished record and evidence of his good moral character are all well documented. However, the duration of his suspension is rendered academic by his current probationary status. Respondent should not be permitted to practice law while serving on probation for commission of a crime (*see, Matter of Florentino,* 103 AD2d 56, 58).

Accordingly, the petition is granted to the extent of imposing a suspension of one year as of the date of our order herein, or until the expiration of respondent's period of probation, whichever is later, and until the further order of this court. (*Matter of Richter,* 93 AD2d 505; *Matter of Lowell,* 88 AD2d 128.)

MURPHY, P. J., KUPFERMAN, ROSS, FEIN and MILONAS, JJ., concur.

Cross motion to modify recommendation of referee denied, and petition granted to the extent of suspending respondent from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective March 14, 1985, or until the expiration of respondent's period of probation, whichever is later, and until the further order of this court (*Matter of Richter,* 93 AD2d 505; *Matter of Lowell,* 88 AD2d 128).