In the Matter of JEFFREY S. LANGBERG (Admitted as JEFFREY STUART LANGBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 1986

## APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Gold & Wachtel* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice in the Second Department, as Jeffrey Stuart Langberg, on March 20, 1974. In November 1984 he pleaded guilty in United States District Court for the District of New Jersey, to conspiracy to evade taxes, in violation of 18 USC § 371, which is a Federal felony.

Respondent admitted that between 1979 and 1982 he had joined in a scheme to sell fine art tax shelters to investors in New Jersey and elsewhere. The scheme consisted of basing tax deductions and credits in part on recourse notes signed by the investors, which respondent and his coconspirators assured the investors would never have to be paid. This amounted to tax evasion, in violation of 26 USC § 7201. Respondent's role in this scheme was revealed in a secret side letter agreement which he had prepared and executed, in conjunction with one such recourse note worth $55,000. Respondent knew that he was committing a criminal act at the time. This side letter agreement was apparently used as a model by other participants in the scheme. Ultimately, the scheme came undone and the tax shelter itself collapsed when the Internal Revenue Service challenged the valuation attributed to the fine art as grossly excessive. About 50 to 80 such shelters were affected, including shelters purchased by about 10 of respondent's clients, 2 or 3 of whom were subjected to criminal investigation. Respondent estimated that each of his clients probably lost between $5,000 and $8,000 as a result.

Respondent's sentence on March 18, 1985, as amended on April 25, committed him to three years' imprisonment, of which four months were to be served in a community treatment center in the New York City area, with the remainder of the sentence suspended. Respondent was also fined $5,000, and placed on probation for three years, to commence upon his release from confinement.

On July 11, 1985, respondent was suspended from the practice of law (Judiciary Law § 90 [4] [f]) pending further proceedings (112 AD2d 88). At respondent's request, a hearing was directed to be held before a panel of the Departmental Disciplinary Committee. Meanwhile, respondent completed his four-month sentence in a community treatment center on October 25, 1985, at which time his three-year probation began.

The recommendation of the Hearing Panel was that respon-

dent should be suspended from the practice of law for a period of two years, or the period of his probation, whichever is longer. Petitioner agrees with this suspension, but urges that the two-year suspension be deemed to have commenced on October 25, 1985, the date respondent's probation commenced. Respondent also bows to the recommendation of the Hearing Panel, but asks that the two-year suspension be deemed to have commenced on July 11, 1985, the date of our interim suspension order.

Where an attorney has been suspended in the interim, pending disciplinary proceedings, it has been the recent policy of this court, in finally imposing suspension from practice as the sanction, to fix the commencement of that suspension from the date the interim suspension was imposed *(see, e.g., Matter of Goldstein,* 110 AD2d 338). In any event, the debate over the commencement date of the suspension from practice is academic; it is the termination date that is more important. Respondent should not be permitted to practice law while serving on probation for commission of a crime *(Matter of Safran,* 107 AD2d 238, 240). Presumably, the three-year period of probation will not expire until October 1988.

Accordingly, the petition is granted to the extent of confirming the report of the Hearing Panel and imposing a suspension of two years from practice, as of July 11, 1985, or until the expiration of respondent's period of probation, whichever is later *(Matter of Safran, supra),* and until further order of this court, application for which should satisfy us that all elements of the Federal sentence (including the fine) have been satisfied and discharged.

KUPFERMAN, J. P., ROSS, CARRO, FEIN and LYNCH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective July 11, 1985, or until the expiration of respondent's period of probation, whichever is later.