In the Matter of ROBERT B. LEVINE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1988

## APPEARANCES OF COUNSEL

MICHAEL A. GENTILE for petitioner.

JOHN G. BONOMI, P. C., for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order: (1) finding that the crime of which respondent has been convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d); (2) suspending respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f); and, (3) directing respondent to show cause why a final order of censure, suspension, or removal from office should not be made, pursuant to Judiciary Law § 90 (4) (g).

Respondent, Robert B. Levine, was admitted to practice as an attorney and counselor-at-law in the courts of the State of New York by the Second Judicial Department, on April 6, 1955. During the period he committed the crime of which he was convicted, respondent maintained an office for the practice of law within this Department.

In the fifth paragraph of the petition, dated April 12, 1988, the petitioner alleges, in substance, as follows: On June 16, 1987, in the United State District Court for the Southern District of New York (Vincent L. Broderick, J.), respondent was convicted, by a plea of guilty, of the crime of aiding and assisting in the filing of a false Federal corporate income tax return for the year 1981, in violation of 26 USC § 7206 (2). Thereafter, he was sentenced to two years' imprisonment, of which three months is to be spent on weekends in custody, and the balance is suspended, three years' probation, and, a $5,000 fine.

The petitioner has presented to this court a certified copy of the judgment of conviction, filed March 24, 1988.

By counsel, respondent has submitted an answer, dated May 19, 1988. In that answer, respondent admits that he has been convicted of a Federal felony, which "constitutes a 'serious crime' as defined by Judiciary Law § 90 (4) (d)", and, he requests a hearing, pursuant to Judiciary Law § 90 (4) (h).

As mentioned *supra,* respondent has received a sentence of probation. We held in *Matter of Safran* (107 AD2d 238, 240 [1st Dept 1985]), "Respondent should not be permitted to practice law while serving on probation for commission of a crime *(see, Matter of Florentino,* 103 AD2d 56, 58)."

Accordingly, we grant the petition in its entirety; suspend the respondent from the practice of law, pending further order

of this court; refer the matter to the petitioner for hearing, report and recommendation; and, direct respondent to show cause why a final order of censure, suspension or removal from office should not be made.

MURPHY, P. J., SULLIVAN, ROSS, CARRO and MILONAS, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made, and pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately, and until the further order of this court.