In the Matter of MARIO BIAGGI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT.

First Department, September 15, 1988

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Stephen P. Markus* of counsel *(Weiss, Molod, Berkowitz & Godosky, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent Mario Biaggi was admitted to practice by this court on June 23, 1967. At the time he committed the acts that formed the basis for his conviction of several Federal felonies, respondent was a member of the United States House of Representatives, representing the 19th Congressional District, and maintained an office within the First Judicial Department.

On September 23, 1987 respondent was found guilty, after a jury trial in the United States District Court for the Eastern District of New York, of the Federal felonies of bribery of a public official (18 USC § 201 [g]), interstate travel in aid of racketeering enterprises (18 USC § 1952), and obstruction of justice (18 USC § 1503), counts 5, 6 and 7 of the indictment, respectively. He was sentenced upon those convictions on November 5, 1987.

The petitioner Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that the

Federal felonies charged in counts 5 and 6 of the indictment would have been classified as felonies if charged under the laws of this State. See Judiciary Law § 90 (4) (e): "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

Respondent was charged with two counts of "bribery of public officials" pursuant to 18 USC § 201. (Section 201 was restructured without substantive changes as here pertinent, by amendment effective December 10, 1986. All references herein are to the statute as it existed at the time of respondent's indictment.) Count 3 of the indictment alleged a violation of subdivision (c) of section 201, which defined the crime of bribery as follows:

"Whoever, being a public official or person selected to be a public official, directly or indirectly, corruptly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself or for any other person or entity, in return for:

"(1) being influenced in his performance of any official act".

That subdivision has a direct analogue in our Penal Law § 200.10, defining the class D felony of bribe receiving in the third degree. However, respondent was acquitted of the charge covered by count 3 of the Federal indictment.

Respondent was convicted under count 5 of the indictment alleging a violation of 18 USC § 201 (g), which defined the crime of bribery as follows: "Whoever, being a public official, former public official, or person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself for or because of any official act performed or to be performed by him". The closest analogue to 18 USC § 201 (g) is found in Penal Law § 200.35, receiving unlawful gratuities, which reads: "A public servant is guilty of receiving unlawful gratuities when he solicits, accepts or agrees to accept any benefit for having engaged in official conduct which he was required or authorized to perform, and for which he was not entitled to any special or additional compensation." Penal Law § 200.35 is a class A misdemeanor,

and accordingly, respondent's conviction under count 5 of the indictment cannot form the basis for automatic disbarment pursuant to Judiciary Law § 90 (4) (a), (b). Nevertheless, that crime is a "serious crime" as defined in Judiciary Law § 90 (4) (d), and respondent must accordingly be suspended pursuant to section 90 (4) (f) until a final order is entered by this court pursuant to section 90 (4) (g).

The petitioner urges that despite the similarity of elements between 18 USC § 201 (g) and Penal Law § 200.35, it is not obligated to disprove that similarity, but need only show that the crime defined by 18 USC § 201 (g) is "essentially similar" to a New York felony. *(Matter of Margiotta,* 60 NY2d 147, 150.)* While we agree with that proposition, it is not here determinative, for the requirement that the public official be "influenced" in the performance of his official acts is the essential factor *distinguishing* 18 USC § 201 subdivision (c) from subdivision (g), and Penal Law § 200.10 from § 200.35. Thus, 18 USC § 201 (g) and Penal Law § 200.10 are not "essentially similar" with respect to the narrow question before us.

We observe that in *Matter of Schiff* (74 AD2d 161) and *Matter of Goglio* (103 AD2d 295), respondents were convicted under 18 USC § 201 (f), which contains the same elements as section 201 (g), except that the respondents were charged with giving or offering something of value to the public official for the performance of an official act, i.e., giving an unlawful gratuity to a public official. The convictions in those matters were deemed serious crimes, and did not result in automatic disbarment pursuant to Judiciary Law § 90 (4) (b). *(Compare, Matter of Phillips,* 100 AD2d 69, *and Matter of Kaufman,* 46 AD2d 489, wherein automatic disbarment resulted from convictions under 18 USC § 201 [b].) Section 201 (b) contains the same elements as section 201 (c), except that the former prohibits giving something of value to a public official to influence an official act, and the latter prohibits the public official from receiving something of value in return for his being influenced in the performance of an official act. Thus, our determination herein is entirely consistent with precedents in analogous matters.

It is not without significance in this regard that the Federal courts have uniformly referred to 18 USC § 201 (c) as bribery, and 18 USC § 201 (g) as receipt of an unlawful gratuity, when distinguishing the two crimes. *(See, e.g., United States v Kahan,* 415 US 239; *United States v Martin,* 783 F2d 1449, 1453;

*United States v Williams,* 705 F2d 603, 607, *cert denied* 464 US 1007; *United States v Myers,* 692 F2d 823, 841, *cert denied* 461 US 961; *United States v Niederberger,* 580 F2d 63, 68-69, *cert denied* 439 US 980; *United States v Raborn,* 575 F2d 688, 689; *United States v Evans,* 572 F2d 455, 464, *cert denied sub nom. Gent v United States,* 439 US 870; *United States v Brewster,* 506 F2d 62, 64, 68.)

Respondent was also convicted under count 6 of the Federal indictment alleging "interstate and foreign travel or transportation in aid of racketeering enterprises," pursuant to 18 USC § 1952, which is defined as here pertinent as follows:

"(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to * * *

"(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

"and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

"(b) As used in this section 'unlawful activity' means * * * (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States".

It is reasonably apparent in the light of our observations regarding respondent's conviction of "bribery" under count 5 of the indictment, and his acquittal under count 3 of the indictment, that the "bribery" involved in count 6 is for the purposes of Judiciary Law § 90 (4) (b) also cognizable under Penal Law § 200.35, receiving unlawful gratuities, a class A misdemeanor.

Petitioner cites *Matter of Brennan* (116 AD2d 414) in support of its contention that a conviction under 18 USC § 1952 is cognizable as a class D felony in New York when the underlying activity is bribery, since bribe receiving (Penal Law § 200.10) is a class D felony. That case is distinguishable, however, since it is clear that the respondent in that case, William C. Brennan, a former Justice of the Supreme Court of New York, had accepted bribes in connection with "the corruption of his judicial office with respect to four criminal cases in Queens." *(United States v Brennan,* 798 F2d 581, 583.) Thus, respondent Brennan received bribes for being *influenced* in the performance of his official acts (18 USC § 201 [c] [1];

Penal Law § 200.10), and was thereby convicted of Federal crimes cognizable as felonies under New York State law. *Matter of Cuti* (89 AD2d 97), also relied upon by the petitioner for the proposition that 18 USC § 1952 is cognizable as a New York felony, is not here determinative. There is no indication in *Matter of Cuti* that the court addressed the distinction between subdivisions (c) and (g) of 18 USC § 201, or that the question was even raised in that case.

Although we find that the certificate of conviction submitted to us with respect to count 6 of the indictment does not establish a conviction cognizable as a felony in New York, respondent's conviction was for a "serious crime" as defined by Judiciary Law § 90 (4) (d), and respondent must be suspended pursuant to section 90 (4) (f) until a final order is entered pursuant to section 90 (4) (g). Respondent's conviction under count 7 of the indictment, not alleged by the petitioner as requiring automatic disbarment, similarly requires immediate suspension under section 90 (4) (f).

Our court has withheld release of this opinion in order to avoid prejudicial publicity during a Federal trial in 1988 which resulted in respondent's conviction of very serious Federal crimes which may constitute New York State felonies. In such event the Departmental Disciplinary Committee shall seek respondent's automatic disbarment in a new or amended petition, which may render academic the need for the hearing and report ordered herein.

Accordingly, the petition to strike respondent's name from the roll of attorneys must be denied, but respondent must be suspended from the practice of law until further order of this court pursuant to Judiciary Law § 90 (4) (f). Respondent is hereby ordered to show cause why a final order of suspension, censure or removal from office should not be made. As respondent has requested a hearing on that question, the matter is referred to the Departmental Disciplinary Committee for hearing, report and recommendation (Judiciary Law § 90 [4] [h].)

SANDLER, J. P., CARRO, KASSAL, WALLACH and SMITH, JJ., concur.

Petition denied to the extent that it seeks to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of

this court. Respondent is ordered to show cause why a final order of suspension, censure or removal from office should not be made, and respondent's application for a hearing as to the sanctions to be imposed is granted and the matter is referred to the Departmental Disciplinary Committee for the First Judicial Department for hearing and report, all as indicated.