[674 NYS2d 367]

In the Matter of ALAN M. POLLACK (Admitted as ALAN MAR-
SHALL POLLACK), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, June 23, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Hal R. Lieberman,* attorney), for
petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar in New York State at

this Department in 1977, and has maintained an office for such practice within this Department during all periods relevant to this proceeding.

In 1995, in order to expedite the obtaining of certain publicly available documents he needed for litigation, respondent offered a $250 gratuity to an investigator at the New York City Comptroller's office. The giving of such an unlawful gratuity to a public servant is a class A misdemeanor (Penal Law § 200.30), to which respondent pleaded guilty for this act in 1997. He was sentenced to pay a $1,000 fine, serve 250 hours of community service, and make a $50,000 contribution to the Lawyers' Fund for Client Protection.

This Court subsequently determined that the crime to which respondent had pleaded was a "serious" one (Judiciary Law § 90 [4] [d]). In litigating the question of an appropriate sanction, petitioner received evidence in aggravation and in mitigation, and decided to leave the decision ultimately to the discretion of this Court.

Respondent had offered the gratuity in the hope of short-circuiting the inevitable delay that accompanies a request for documents under the Freedom of Information Law. In aggravation of respondent's act, petitioner's Panel heard evidence that he had also offered a "moonlighting" job to the public official and a loan of additional money, and that respondent knew his request was unlawful. In mitigation, respondent cited his unblemished record of conduct over 23 years of practice and his many hours of *pro bono* work each year on behalf of battered women and others. As a result of his guilty plea, respondent has been disqualified from appearing before the City Comptroller's office, his professional reputation has been damaged, and he has consequently suffered financially.

We confirm the findings of fact and conclusions of law in the Hearing Panel report. Both parties are in agreement that this case demands something more than a public censure (*see, e.g., Matter of Goffen*, 103 AD2d 197; *cf., Matter of Ingber*, 239 AD2d 58 [where no payment was actually made]). In *Matter of Rotter* (241 AD2d 81), we recently imposed a two-year suspension for similar conduct that was not a first-time occurrence. Under the circumstances, we adopt the Hearing Panel's recommendation that respondent be suspended from the practice of law for a period of three months.

ROSENBERGER, J. P., ELLERIN, WALLACH, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted to the extent of adopting the Hearing Panel's recommendation and suspending respondent for a period of three months, effective July 23, 1998, and until the further order of this Court.