[720 NYS2d 477]

In the Matter of MELVYN J. ESTRIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 13, 2001

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Frederick P. Hafetz* and *Susan R. Necheles* of counsel (*Goldman & Hafetz,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the Bar at the Second Judicial

Department in 1968. At all relevant times since then, he has maintained an office for the practice of law within the First Department.

Respondent was one of five attorneys independently caught up in a scheme perpetrated by one Quigley who "facilitated" insurance settlements of personal injury claims. The other four attorneys were convicted of commercial bribing in the second degree, and received discipline ranging from public censure (*Matter of Ingber*, 239 AD2d 58) to suspension from practice for two years (*Matter of Rotter*, 241 AD2d 81). Respondent paid Quigley on two separate occasions, knowing that part of the money would be used to bribe adjusters at two different insurance companies to expedite the resolution of personal injury claims, and realizing that such conduct was criminal.

Respondent was charged in an indictment with the class E felonies of commercial bribing in the first degree and scheming to defraud in the first degree, as well as two counts of commercial bribing in the second degree. After pleading guilty to one of the second degree bribery counts and negotiating a plea to scheming to defraud in the second degree (both class A misdemeanors), he was sentenced to one year of conditional discharge and a $2,000 fine.

This Court subsequently determined that respondent had been convicted of "serious crimes" (Judiciary Law § 90 [4] [d]), and directed hearings in accordance with 22 NYCRR 603.12 (a). The Referee thereafter recommended a three-month suspension from practice, but in reviewing that recommendation, petitioner's Hearing Panel split evenly, two members to affirm that recommendation and two others to limit the discipline to a public censure. Petitioner has now asked this Court to impose whatever sanction we deem appropriate (22 NYCRR 605.15 [e] [1]).

The recommended sanction of suspension for three months is insufficient. We acknowledge respondent's contrition for having participated in this wrongdoing. We also note the mitigating factors of his cooperation with the investigation, his excellent reputation and an unblemished record over three decades of practice. However, we cannot ignore the fact that of the five attorneys dealing with Quigley, only respondent was convicted of two separate incidents, and that the second payment was made after knowing that his earlier unrelated payment had been a wrongful act. In *Matter of Pollack* (244 AD2d 28), we held that a single act of giving an unlawful gratuity (also a class A mis-

demeanor) constituted professional misconduct warranting a three-month suspension from practice. Under the circumstances, a more severe sanction is called for here.

Respondent's heart condition and family psychiatric problems were not sufficiently connected with these offenses as to constitute circumstances in further mitigation (*Matter of Gieger*, 170 AD2d 134, *lv denied sub nom. Matter of Geiger*, 79 NY2d 755).

Accordingly, the motion should be granted only insofar as to confirm the findings of fact. However, the conclusions and recommended sanction are disaffirmed. A suspension for six months from the practice of law is a more appropriate sanction, and should be imposed.

SULLIVAN, P. J., ROSENBERGER, NARDELLI, ELLERIN and WALLACH, JJ., concur.

Motion granted to the extent of confirming the findings of fact, disaffirming the conclusions of law and recommended sanction, and suspending respondent from practice as an attorney and counselor-at-law in the State of New York, for a period of six months.