In the Matter of MELVYN N. THALER (Admitted as MELVYN NATHAN THALER), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 18, 1968.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Mitchell Salem Fisher* for respondent.

*Per Curiam.* The respondent, admitted to the Bar in the First Judicial Department on October 22, 1957, is charged in six specifications with professional misconduct in connection with the payment of moneys to State Liquor Authority officials to

influence their decisions in matters pending before the Authority.

From August 1, 1961 to about October, 1963, the respondent was employed as a confidential law assistant to a Judge of the Court of Claims. As such, he was permitted to engage in the practice of law. The petition alleges that, in the representation of three separate clients (Charges I, II and IV), the respondent solicited from them substantial sums of money which he turned over to the Judge for the payment of unlawful fees to a State Liquor Authority official to influence his decision in the interests of respondent's clients; that in two matters (Charges III and V) the respondent solicited or requested payment from clients of substantial sums of money for the payment to a State Liquor Authority official of an unlawful fee to influence his decision in pending matters; and that (Charge VI) respondent personally paid an unlawful fee of approximately $200 to a senior investigator employed by the State Liquor Authority for recommending that "no action" be taken with respect to an alleged violation on the part of respondent's client.

The respondent in his answer admitted the charges and all of the allegations in the petition in connection therewith but requested the opportunity to present proof of mitigating facts and circumstances to be considered by the court in its determination of the discipline to be imposed upon him. The matter was referred to a Referee and the respondent was given full opportunity to present his proofs. The Referee has reported that the charges have been established and reports to the court the facts and circumstances proven by the respondent in alleged mitigation of his professional misconduct. The Referee's report should be confirmed.

The charges, as sustained against the respondent, constitute most serious professional misconduct involving bribery of public officials, and ordinarily would require disbarment of the attorney involved. (See *Matter of Farrell*, 27 A D 2d 61.)

In mitigation, it appears that the incidents involving the solicitation and payment of money to the public officials were pursuant to the suggestions of the particular Judge of the Court of Claims; that, because of the unusually close relationship with the Judge, the respondent felt obliged to and was influenced to follow his suggestions; that during the period of his employment by the Judge, the respondent was subjected to severe pressure in family and financial matters and that he feared the loss of his position if he did not follow the suggestions and advice of the Judge for whom he worked. Further, it appears that the respondent waived immunity as to the matters affecting

his official position, and did eventually co-operate fully with the District Attorney and the Grand Jury in the matter of the investigation of alleged criminal charges against the parties involved. There was no criminal prosecution against the respondent and no complaint of professional misconduct has been lodged against him except with respect to the matters which are the subject of the particular charges. In fact, it appears that since 1963, he has been engaged in the apparently successful and proper practice of the law. Finally, the Referee, in his report, concludes, '' I believe respondent is contrite and has been so chastened by this proceeding that, if permitted to continue his chosen profession, there is no danger that he will offend again.''

Except for the mitigating circumstances aforesaid, we would disbar the respondent. Under the particular circumstances, however, he should be suspended from practice for a period of three years and until further order of this court.

BOTEIN, P. J., STEVENS, EAGER, STEUER and TILZER, JJ., concur.

Respondent suspended for a period of three years effective July 18, 1968.