In the Matter of ALBERT M. GOLDSTEIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 20, 1971.

*John G. Bonomi* of counsel (*John C. Klotz* with him on the brief), for petitioner.

*Angelo T. Cometa* of counsel (*Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Judicial Department on October 20, 1954. Respondent, who is also a certified public accountant and a former Internal Revenue Agent, is charged with making payments from 1960 to 1963 of from $50 to $1,600 to at least 60 employees of the Internal Revenue Service of the United States, who were assigned to audit his clients. He admitted paying gratuities to approximately 30 agents.

Respondent, who was arrested on the basis of a single charge of a $50 payment to an undercover agent, contrary to the advice of his then counsel and other friends and associates to go to trial on this charge, co-operated fully with the Federal authorities, both prior to and after receiving immunity from prosecution. He did so without any specific promises. The then United States Attorney for the Southern District, in a letter to petitioner's Committee on Grievances, termed his co-operation "extraordinary" and pointed out that "the most damaging evidence and testimony facing Mr. Goldstein before your Committee is the result of his own willingness to testify in court to assist this office, something that many other practitioners in a similar category refused".

The report of the Referee is sustained. The charge against respondent constitutes "most serious professional misconduct involving bribery of public officials, and ordinarily would require disbarment of the attorney involved." (*Matter of Thaler,* 30 A D 2d 166, 167).

In mitigation, it appears that this respondent co-operated fully with all aspects of the investigation being conducted by the office of the United States Attorney for the Southern District of New York and that no complaint of professional misconduct has ever been lodged against him, except with respect to the matters which are the subject of this particular charge.

Under these particular circumstances, rather than disbarment, respondent should be suspended from practice for a period of three years and until further order of this court. (*Matter of Thaler, supra.*) (Also, see, *Matter of Rosen,* 35 A D 2d 45.)

CAPOZZOLI, J. P., MCGIVERN, KUPFERMAN, STEUER and TILZER, JJ., concur.

Respondent suspended for a period of three years effective May 20, 1971.