In the Matter of SEYMOUR LEFKOWITZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 27, 1984

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*John G. Bonomi, P. C.,* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the practice of law in the Second Department on March 18, 1955, but has, at all times relevant to these proceedings, maintained his office in the First Judicial Department. After a hearing on three charges, the Departmental Disciplinary Committee moves pursuant to 22 NYCRR 603.4 (d) for an order confirming findings of fact and conclusions of law, and further recommends that we direct respondent's suspension from the practice of law for a period of five years. Respondent cross-moves for an order disaffirming the Disciplinary Committee's report and recommendation, arguing that the facts do not sustain all of the charges and that, in light of certain mitigating factors, we should only censure him. Thus, although respondent has fully admitted the facts as found by the Committee, he disputes the legal conclusions as to what improprieties they constitute.

The three charges concern respondent's actions in 1975, 1976 and 1977, in his capacity as a partner in a law firm. The firm represented the plaintiffs in five different lawsuits. Allegedly, in compliance with requests from senior partners respondent made

numerous payments of "illegal gratuities" to a law assistant at Supreme Court, New York County. These payments were made to secure favorable and/or expeditious disposition of pending motions. There is no doubt that respondent "had reasonable cause to believe such payments were illegal gratuities" (amended statement of charges). On another occasion, respondent allowed himself to be extorted by the law assistant. Not only was it illegal for respondent to have made these payments, he was also under an affirmative duty to report the requests from his senior partners, as well as the extortion of Brown, "to a lawyer disciplinary agency or other authority empowered to investigate or act upon such violations" (amended statement of charges).

Upon these facts, we have no difficulty in confirming the Committee's conclusion that respondent is guilty of multiple violations of DR 1-102 (A) (1), (3), (4), (5) and (6) of the Code of Professional Responsibility; DR 7-110 (A) and (B) of the Code of Professional Responsibility; and section 603.20 of the Rules of the Supreme Court, Appellate Division, First Department (22 NYCRR). As the panel noted, "Respondent was a mature lawyer when he engaged in this conduct, in his middle forties. He was a partner in a New York law firm. He participated in wrongful conduct not once, and not several times in a very brief period, but five times between late 1975 and the middle of 1977. Respondent's conduct goes to the very heart of our system of justice."

We strongly concur in this conclusion and disagree only as to the sanction to be imposed. Conduct such as respondent's undermines both the perception and the reality of the fairness of our courts; our duty to protect the public requires us to disbar respondent.

Accordingly, the Committee's motion should be granted to the extent of confirming its findings and conclusions, and respondent's cross motion should be denied in its entirety. That branch of the committee's motion recommending a five-year suspension should be denied, respondent should be disbarred and his name should be stricken from the roll of attorneys and counselors at law.

MURPHY, P. J., ROSS, CARRO, MILONAS and ALEXANDER, JJ., concur.

The findings and conclusions of the hearing panel of the Departmental Disciplinary Committee for the First Judicial Department are confirmed, respondent's cross motion to disaffirm the hearing panel's recommendation and for other relief

denied in its entirety, and that branch of the Committee's motion recommending a five-year suspension denied, and respondent's name stricken from the roll of attorneys and counselors at law in the State of New York, effective January 28, 1985.