In the Matter of KARL B. CANAVAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 6, 1992

**APPEARANCES OF COUNSEL**

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Patrick M. Wall* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Karl B. Canavan was admitted to the practice

of law in New York by the Appellate Division, Third Judicial Department, on April 30, 1985. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) suspending respondent from the practice of law for a period of five years. In support of its petition, the Committee has presented proof that on or about October 20, 1989, respondent was convicted, upon his plea of guilty, of two counts of filing a false tax return in violation of 26 USC § 7206 (1) in the United States District Court for the Northern District of Illinois. On June 29, 1990, this court, upon respondent's admission, issued an order deeming the offense of which respondent stands convicted to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and ordering a hearing.

At the hearing, the Committee presented evidence demonstrating that respondent's conviction arose from his failure to report as income funds which he received from clients and then used for the payment of bribes and kickbacks to corrupt Judges presiding in Traffic Court in Cook County, Illinois. According to respondent, the purpose of these payments was either to procure fair sentences for his clients, who would otherwise have been subjected to excessively harsh treatment, or to obtain appointments to represent clients in court-assigned cases, which were only assigned to attorneys who were willing to participate in the scheme. The Committee asserts that these facts, in addition to establishing the commission of a "serious crime" pursuant to Judiciary Law § 90 (4) (d), which respondent does not dispute, also establish the violation of several provisions of the Code of Professional Responsibility, i.e., DR 1-102 (A) (3) (illegal conduct involving moral turpitude); DR 7-110 (A) (proscribed contact with Judges); DR 1-102 (A) (5) (conduct prejudicial to the administration of justice); DR 1-102 (A) (6) (conduct reflecting adversely on fitness to practice law); DR 1-102 (A) (4) (conduct involving fraud, deceit, misrepresentation and dishonesty); and DR 1-103 (A) (failure to disclose information to authorities).

Although the penalty imposed for commission of the tax offense of which respondent has been convicted is generally no more than a one-year suspension (see, e.g., Matter of Diamond, 150 AD2d 115), in this case the more serious allegations involve the context in which that conviction occurred, i.e., respondent's payment of bribes to Judges in Chicago.

While, in this case, the Hearing Panel found that a number of factors compel mitigation of this penalty and the Committee argues that we should confirm that finding and impose a suspension, rather than disbarment, we do not find that the circumstances herein compel such mitigation. Respondent's cooperation with the Federal prosecution of Presiding Judge McDonnell, which ultimately resulted in a conviction for extortion, was motivated by his desire to obtain immunity from prosecution. Thus, while in certain cases cooperation with the authorities has been found to warrant mitigation of the penalty imposed to one of suspension (see, Matter of Olitt, 61 AD2d 416; Matter of Goldstein, 36 AD2d 271), in this case there does not appear to be any reason to believe that respondent's cooperation renders his behavior as a whole less culpable. Moreover, the other factors proffered in mitigation, including that respondent was young and somewhat inexperienced at the time of these incidents, and that the corruption in the Chicago Traffic Court was system-wide and involved virtually every Judge in the court, cannot excuse the multiple continuing breaches by respondent of his professional obligations. In light of the number and seriousness of defendant's violations of his professional responsibilities, we must also reject his argument that it would have been difficult for him to refuse to represent defendants who were to be tried in the Cook County Traffic Court and instead change the nature of his practice to one which enabled practice in a noncorrupt court. Although respondent argues that virtually his entire legal experience of several years as a Public Defender had been gained in Traffic Court, and that the fact that he was legally blind made it difficult for him to travel to a noncorrupt court, these factors are insufficient to justify participation in the wholesale bribery of the judiciary. We therefore conclude that the Hearing Panel's recommendation that respondent should be suspended from the practice of law for five years should not be confirmed.

Accordingly, the petition to confirm is denied and respondent is disbarred.

CARRO, J. P., ELLERIN, ROSS, KASSAL and RUBIN, JJ., concur.

Motion to confirm report of the Hearing Panel, and for other relief, denied, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective November 6, 1992.