In the Matter of SAMSON JOCHNOWITZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 1993

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Irving Anolik* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Samson Jochnowitz, was admitted to the practice of law in the State of New York by the Second Judicial

Department on March 30, 1960. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On July 3, 1991, respondent was served with a notice and statement of charges by the Departmental Disciplinary Committee (Committee), setting forth violations of DR 1-102 (A) (4), (5) and (6); DR 1-103 (A); DR 6-101 (A) (3) and DR 7-101 (A) (3) of the Code of Professional Responsibility. By answer dated August 1, 1991, respondent admitted most of the facts underlying the charges, but provided exculpatory explanations and denied professional misconduct.

The charges against respondent arose from his involvement in the Parking Violations Bureau (PVB) corruption investigation of the mid-1980's, and his testimony as a government witness in the ensuing criminal trial of Stanley Friedman *et al.,* held in New Haven, Connecticut, in 1986. Respondent's PVB activities, which involved kickback payments to PVB employees, were never reported to the Committee and, instead, came to its attention when newspaper articles concerning others involved in Second Department grievance proceedings stemming from the PVB kickback payments were published in late 1990. As a result, the Committee opened its own investigation in the First Department, and obtained a copy of the criminal trial transcript in which respondent testified as a government witness.

Following a hearing held on September 16, 1991, November 13, 1991 and January 9, 1992, at which respondent testified and submitted affidavits attesting to his character and integrity, the Hearing Panel issued its findings, sustaining five counts of Charge One, which alleged, *inter alia,* that respondent was a "pointman" or "liaison" between his law partner, Bernard Sennet and Geoffrey Lindenauer, a PVB official, in a collection contract involving respondent's law firm, Sennet and Krumholz (S&K), and the PVB. In addition, the Hearing Panel sustained allegations that respondent lied to FBI agents concerning payments to Lindenauer, gave inconsistent testimony, lied to members of the United States Attorney's office concerning payments to Lindenauer, and failed to report to the authorities the illegal kickback payments by Sennet, or the solicitation of a "consulting contract" from S&K by Lester Shaffran, the head of PVB.

On an unrelated charge involving a client seeking to collect on a $15,000 default judgment, the Hearing Panel found, *inter*

*alia,* that respondent did not return numerous telephone calls to his office by the client inquiring as to the status of her case, that he lost the file entrusted to him by the client, and was slow in returning communications from the attorney eventually substituted.

On the basis of the foregoing findings of fact, the Hearing Panel found respondent guilty of professional misconduct in violation of DR 1-103 (A) (failure to disclose information to authorities); DR 1-102 (A) (4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102 (A) (5) (conduct prejudicial to the administration of justice); DR 1-102 (A) (6) (now [7]) (conduct reflecting adversely on fitness to practice law); and DR 6-101 (A) (3) (neglecting a legal matter entrusted to a lawyer). Noting that respondent's cooperation with the authorities did not begin until he realized that he faced serious charges, and concluding that the conduct attributed to respondent reveals a lack of character and fitness to continue as a member of the Bar, the Hearing Panel recommended that respondent be disbarred.

By notice of petition and petition dated September 9, 1992, the Committee seeks an order pursuant to 22 NYCRR 603.4 (d), confirming the findings, conclusions and recommendations of the Hearing Panel, and imposing the recommended sanction of disbarment. In opposition, respondent essentially denies any wrongdoing, and asserts that he has substantially purged any wrongdoing through his cooperation with the United States Attorney's office.

A review of the evidence presented to the Hearing Panel, including respondent's admissions and his October 30, 1986 testimony as a government witness, provides ample support for the Hearing Panel's finding that respondent is guilty of two violations of DR 1-103 (A); three violations of DR 1-102 (A) (4); three violations of DR 1-102 (A) (5); three violations of DR 1-102 (A) (6); and one violation of DR 6-101 (A) (3). Despite respondent's attempt to minimize his role in the illegal scheme, the evidence clearly indicates that respondent knowingly participated and aided the others, and that he even personally made an illegal payment.

The sanction of disbarment has been imposed by this Court in prior matters involving bribery, kickbacks or improper payments *(see, e.g., Matter of Lefkowitz,* 105 AD2d 161; *Matter of Canavan,* 183 AD2d 186). The within respondent did not, as those in *Lefkowitz* and *Canavan (supra),* engage in payments

that compromised the integrity of the judicial system. However, his actions, which involved illegal payments to a city official, constitute equally serious violations of the Code of Professional Responsibility.

Accordingly, the findings, conclusions, and recommendations of the Hearing Panel should be confirmed, the petition granted, and respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law.

SULLIVAN, J. P., CARRO, WALLACH, KUPFERMAN and KASSAL, JJ., concur.

Respondent is disbarred from practice as an attorney, and counselor-at-law in the State of New York, effective April 15, 1993.