[658 NYS2d 582]

In the Matter of RICHARD P. D'ADDARIO (Admitted as RICHARD PETER D'ADDARIO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 27, 1997

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard P. D'Addario,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Richard P. D'Addario,[1] was admitted to the practice of law in the State of New York by the First Judicial

---

1. Respondent has appeared in this action *pro se.*

Department on April 7, 1980, as Richard Peter D'Addario. He was admitted to the Rhode Island Bar in 1971.

By petition dated February 11, 1997, the Departmental Disciplinary Committee is seeking an order, pursuant to 22 NYCRR 603.3, publicly censuring respondent predicated upon the fact that he was similarly disciplined by the Supreme Court of the State of Rhode Island, or in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated July 26, 1991, the Rhode Island Supreme Court publicly censured respondent and 16 other Rhode Island attorneys for loaning money to a Family Court Judge before whom they had appeared in the past.[2]

In the course of the Rhode Island disciplinary proceeding, respondent admitted that he extended a $10,000 loan to Rhode Island Family Court Judge John E. Fuyat in July of 1989. While respondent further admitted that he practiced before the Rhode Island Family Court, he denied having any cases pending before or assigned to Judge Fuyat at the time he made the loan or at any time thereafter. Respondent explained that after Judge Fuyat's repayment check was dishonored, he demanded payment and was instrumental in having the Judge's misconduct reported to the authorities. Thereafter, respondent voluntarily contacted and gave a statement to the United States Attorney when he heard that Judge Fuyat was under investigation; he also voluntarily testified before a Federal Grand Jury in this matter.

On November 29, 1990, respondent appeared with counsel for a hearing in this matter before a Disciplinary Panel of the Disciplinary Board of the Supreme Court of Rhode Island. At the hearing, respondent availed himself of the opportunity to testify on his own behalf and to call witnesses to testify as to his good reputation. In addition, respondent later submitted a posthearing memorandum.

On April 12, 1991, the Rhode Island Disciplinary Board issued its decision recommending a sanction of public censure based upon its finding that respondent had violated two provisions of that State's Rules of Professional Conduct: failing to report a Judge's professional misconduct (in violation of rule 8.3 [b]) and knowingly assisting a Judge in conduct violative of the Rules of Judicial Conduct (in violation of rule 8.4 [f]).Thereafter, the Rhode Island Supreme Court adopted the Disciplin-

---

2. Four other Rhode Island attorneys involved in this affair were suspended under separate orders.

ary Board's findings and recommendation and publicly censured respondent. Respondent failed to notify this Court of the discipline imposed in Rhode Island, despite the requirement that he do so (*see*, 22 NYCRR 603.3 [d]).

In response to the petition, respondent argues that his involvement in the Rhode Island affair should not warrant an additional public censure in New York. He maintains that such additional discipline would serve no useful purpose and would be unfair to him. However, this is not a valid defense to a reciprocal disciplinary proceeding. Pursuant to the Rules of this Court, the only defenses that may be raised in such a proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction." (22 NYCRR 603.3 [c].)

Respondent has not established any of the foregoing defenses. First, the record confirms, and respondent does not deny, that he was provided with sufficient notice and an opportunity to be heard in the Rhode Island proceeding (22 NYCRR 603.3 [c] [1]). Second, the Rhode Island Supreme Court's findings of misconduct are supported by the record. In opposition to the findings, respondent merely insists that he neither considered the transaction with Judge Fuyat to be a "loan" nor gave the money in order to influence the Judge—rather, the transaction was simply "a sincere response to a person in need". As respondent's unilateral position in this regard is insufficient to undermine the Court's finding that his actions violated the disciplinary rules, he has no defense under 22 NYCRR 603.3 (c) (2).

Finally, respondent has no defense under 22 NYCRR 603.3 (c) (3) because the misconduct for which he was disciplined in Rhode Island constitutes misconduct in New York. The conduct prohibited by Rhode Island Rules of Professional Conduct rule 8.4 (f)—loaning money to a sitting Judge—would constitute a violation of Code of Professional Responsibility DR 7-110 (A)

(22 NYCRR 1200.41). Under DR 7-110 (A), "A lawyer shall not give or lend anything of value to a judge, official, or employee of a tribunal except as permitted by Section C (4) of Canon 5 of the Code of Judicial Conduct." While section C (4) of Canon 5 permits a lawyer to make certain types of loans to sitting Judges, the exemption expressly prohibits a Judge from accepting a loan if the donor is a person whose interests have come or are likely to come before him. As respondent admitted that he had previously appeared before Judge Fuyat and that he made the loan, respondent's misconduct constitutes a violation of DR 7-110 (A). Respondent also violated Code of Professional Responsibility DR 1-103 (A) (22 NYCRR 1200.4) by not reporting Judge Fuyat's misconduct to the appropriate authorities (*see, e.g., Matter of Canavan*, 183 AD2d 186 [attorney has an affirmative duty to report judicial misconduct]).

Accordingly, we grant the petition and discipline respondent pursuant to 22 NYCRR 603.3. Furthermore, in accordance with the generally accepted principle that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see, Matter of Reiss*, 119 AD2d 1, 6), and in view of the sanction imposed by the Supreme Court of Rhode Island, we similarly direct that respondent be publicly censured.

NARDELLI, J. P., WILLIAMS, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, and respondent publicly censured in New York pursuant to 22 NYCRR 603.3, predicated upon the fact that he was similarly disciplined by the Supreme Court of Rhode Island, on or about July 26, 1991.