[670 NYS2d 445]

In the Matter of SETH ROTTER (Admitted as SETH RICHARD ROTTER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 19, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard E. Mischel* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Seth Rotter was admitted to the practice of law in New York by the Second Judicial Department on March 18, 1970, as Seth Richard Rotter. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in an indictment filed on June 23, 1995, in the Supreme Court, New York County, with commercial bribing in the first degree, commercial bribing in the second degree and scheme to defraud in the first degree, in violation of Penal Law §§ 180.03, 180.00 and 190.65, respectively. On or about July 18, 1996, respondent pleaded guilty to the lesser included offense of commercial bribing in the second degree, an A misdemeanor, in violation of Penal Law § 180.00. On July 18, 1996, respondent was sentenced to an unconditional discharge.

By order entered January 8, 1997, this Court granted the petition of the Departmental Disciplinary Committee (the DDC) for an order determining that the crime for which respondent was convicted is a serious crime as defined by Judiciary Law § 90 (4) (d), and directing respondent to show cause before the DDC why a final order of censure, suspension or disbarment should not be made.

The DDC held a hearing before a Hearing Panel on June 24, 1997. The hearing disclosed that respondent is a personal injury attorney who opened his own firm in 1972. Respondent met Edward Quigley in 1993 and Quigley told him that he had a relationship with employees of an insurance carrier, AIG, who could expedite the settlement of cases for a fee.

Michelle Licciardi retained respondent to represent her with respect to injuries she sustained when she tripped over a mat in a restaurant. In 1994, Quigley contacted respondent regarding the Licciardi lawsuit and offered to effect a settlement of the case. At this point, respondent had used Quigley's services on two prior occasions in which he had paid $5,000 and $3,000, respectively. Respondent agreed to pay Quigley $5,000.

Soon thereafter, AIG accepted respondent's proposed settlement of $150,000 and he sent AIG a general release and stipulation of discontinuance. In a December 15, 1994 letter, AIG's counsel acknowledged receipt of the release and stipulation, but advised respondent that it was unable to comply with his demand for prompt payment in accordance with CPLR 5003-a because the New York County District Attorney's office was investigating insurance settlements. Quigley was arrested and respondent was indicted in September 1995.

Respondent conceded that he had engaged in criminal conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3), which reflected adversely on his fitness to practice in violation of DR 1-102 (A) (8). Respondent also admitted the prior use of Quigley's services. Furthermore, he was issued letters of admonition in 1991 and 1992 for neglecting personal injury actions; in the latter case, he also was found to have withdrawn unilaterally from the representation without taking practical steps to avoid foreseeable prejudice to the rights of his client and without making certain that she was aware of his actions.

We note the character evidence introduced by respondent, including the testimony of two Supreme Court Justices, but also note that none of respondent's three witnesses were aware that his criminal conduct was not an isolated incident, nor that he had previously been disciplined.

Respondent asserts that there are substantial mitigating circumstances which should be taken into consideration. These include (1) the fact that respondent pleaded guilty to commercial bribing in the second degree, thereby demonstrating acceptance of responsibility for his misconduct; (2) respondent's continuing remorse; (3) the personal injury claims settled by respondent were legitimate and the settlement amounts were not enhanced as a result of his misconduct; (4) respondent's misconduct was not pervasive and motivated by greed; (5) respondent cooperated with the Committee; (6) respondent has demonstrated his devotion to his children financially and emotionally and he complies with his obligation to pay his ex-wife $50,000 a year in maintenance; (7) although respondent received two prior admonitions, these must be viewed in the context of his 25 years of practice in which he was the principal member of his firm since 1972.

Accordingly, in light of the above findings by the Panel and with due consideration to respondent's arguments, it is our view that the sanction warranted in this matter is suspension for a period of two years. In that regard, we reject the Panel's finding that the payments to Quigley were for expedition of the settlement only. In determining the appropriate sanctions, we find the key factors to be that respondent had, at least twice previously, engaged in the same conduct as that in his underlying misdemeanor conviction and that he has a prior disciplinary record.

Accordingly, the Committee's motion for an order confirming the Panel's findings of fact and conclusions of law is denied, as

is so much of the cross motion seeking similar relief, and said findings of fact and conclusions of law are disaffirmed as indicated herein. Further, we disaffirm the Panel's recommended sanction of a six-month suspension with automatic reinstatement and deny so much of the cross motion as seeks a sanction of public censure, and instead order that respondent be suspended from the practice of law for two years.

SULLIVAN, J. P., WALLACH, RUBIN, WILLIAMS and TOM, JJ., concur.

Motion to confirm the findings of fact, conclusions of law and recommendation as to sanction of the Hearing Panel is denied, as is the cross motion seeking to confirm the findings of fact and conclusions of law, and to impose a lesser sanction than that recommended by the Hearing Panel, and the findings of fact and conclusions of law are disaffirmed, as is the recommended sanction, and respondent is suspended from the practice of law in the State of New York for a period of two years, effective April 17, 1998, and until the further order of this Court.