[676 NYS2d 78]

In the Matter of ARTHUR LUBELL (Admitted as ABRAHAM A. LUBELL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 16, 1998

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Arthur Lubell was admitted to the practice of law in the State of New York by the First Judicial Department on November 9, 1936, under the name Abraham A. Lubell. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On November 23, 1994, respondent pleaded guilty in the United States District Court for the District of New Jersey to offering a gratuity to a Federal employee in violation of 18 USC § 203 (a) (2), which is a misdemeanor under the United States Code. On July 26, 1995, respondent was sentenced to six months' probation, a $5,000 fine and a $25 assessment.

By unpublished order entered February 9, 1996, this Court granted the petition of the Departmental Disciplinary Committee for an order determining that the crime of which respondent has been convicted is a "serious crime" and directed respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

The facts of respondent's case are not in dispute. Respondent stands convicted of offering a gratuity (two suits) to an agent of the Internal Revenue Service in connection with an audit of a client's friend. However, respondent did not act as attorney or accountant in the audit, having referred the matter to a certified public accountant.

A Hearing Panel held a hearing on December 10, 1996. By a report and recommendation dated November 24, 1997, a majority of the Panel recommended that respondent be publicly censured. One member dissented and recommended that respondent be suspended from the practice of law for a period of three months.

At the hearing, Committee staff also recommended that respondent be suspended from the practice of law for a period of three months. The Disciplinary Committee advanced the position that while this Court has generally subjected any attorney convicted of offering an illegal gratuity to public censure, the Court has consistently suspended the attorney in cases where the gratuity was offered to an Internal Revenue Service agent (*e.g., Matter of Nelson*, 42 AD2d 17 [six-month suspension]; *Matter of Smith*, 42 AD2d 19 [four-month suspension]; *Matter*

*of Friedman*, 37 AD2d 81 [one-year suspension]; *Matter of Rosen*, 35 AD2d 45 [three-month suspension]). Respondent urged that he receive private admonition or, in the alternative, public censure.

The majority of the Hearing Panel was not persuaded by Committee staff's argument and found that the facts were comparable to cases in which attorneys were publicly censured. The majority cited to *Matter of Ross* (38 AD2d 98), in which this Court publicly censured an attorney convicted of "causing an IRS agent to process income tax returns in such a manner as to avoid an audit." It also cited to *Matter of Notarius* (49 AD2d 102), in which this Court publicly censured an attorney convicted of offering an unlawful gratuity to a police officer.

In mitigation, the majority took into account that respondent was 83 years old, had practiced law for over 60 years, and had an unblemished disciplinary record. Additionally, respondent suffered a mild stroke in October 1996, from which he recovered. The majority also was impressed with testimony from four character witnesses regarding respondent's integrity, good character and trustworthiness. It further noted respondent's civic work on behalf of Yeshiva University.

With regard to the underlying crime, the majority credited respondent's explanation that he had acted stupidly in offering suits to an agent "wanting to play the big shot." The majority noted that respondent had accepted full responsibility for his acts and had already suffered from the stigma attached to public knowledge of his criminal conviction.

The dissenting member of the Panel was of the opinion that respondent was not merely doing a favor for the agent, but had "orchestrated the gift of the suits for the purpose of attempting to influence the conduct of the IRS agent".

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law set forth in the Hearing Panel's report and imposing whatever sanction upon respondent the Court deems just. By cross motion dated March 16, 1998, respondent moves for the same relief except that respondent also seeks to confirm the Hearing Panel's recommendation as to sanction.

In assessing the appropriate penalty, the Court must look to all of the circumstances involved in respondent's behavior. It is apparent that respondent did not offer the gratuity in his capacity as an attorney or accountant, but was seeking to

impress the parties involved in the audit. Respondent, nearly 85 years of age, has had a long and distinguished career as an attorney, and it is evident that this conduct is aberrational. His career has spanned a period of over 60 years. He has already suffered the stigma attached to public knowledge of his criminal conviction, and even a short suspension would have a great impact on his future service. Under all the facts and circumstances, a public censure suffices.

Accordingly, the Hearing Panel's findings of fact and conclusions of law are confirmed, the Committee's motion and respondent's cross motion are granted, and respondent is publicly censured.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, WALLACH and RUBIN, JJ., concur.

The Hearing Panel's findings of fact and conclusions of law are confirmed, the Departmental Disciplinary Committee's motion and respondent's cross motion are granted, and respondent is publicly censured.