[714 NYS2d 487]

In the Matter of RAYMOND M. SALES, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 26, 2000

**APPEARANCES OF COUNSEL**

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Michael S. Ross* of counsel (*LaRossa & Ross,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Raymond M. Sales was admitted to the practice of law in the State of New York by the Second Judicial Department on October 14, 1970. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On June 22, 1999, respondent pleaded guilty in the Supreme Court, New York County, to commercial bribing in the second degree, a class A misdemeanor, in violation of Penal Law § 180.00. He was sentenced to a one year conditional discharge, a fine of $4,800, and restitution of $2,400.

By an order dated September 24, 1999, this Court granted the petition of the Department Disciplinary Committee to the extent of determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d), and directed him to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension or disbarment should not be made. A hearing was held on December 7, 1999.

The undisputed facts demonstrated at the hearing evidence were as follows. In October 1992, respondent's personal secretary was injured when she tripped over a construction defect in the street. At her request, respondent commenced a lawsuit on her behalf. The construction company was insured by AIG, and AIG's in-house adjuster William Staubitzer was assigned to the case.

After handling the initial investigation and litigation procedures, respondent attempted to begin settlement negotiations. However, he was unable to contact Staubitzer, who did not return telephone calls. Because respondent ordinarily left this aspect of the litigation process to his partner, Lawrence Smith, respondent then sought Smith's advice. Smith suggested he contact Joe Reynolds, an attorney who could be helpful in achieving a settlement expeditiously. Respondent called Reynolds, who agreed to help, without charge, since the plaintiff was respondent's secretary. They agreed that a $40,000 settlement would be fair and appropriate. One week later, Reynolds informed respondent that the case could settle for that sum, provided that respondent paid $2,400 for "expen-

ses." Respondent admitted that, at that point, he understood that at least some of the money would be paid to Staubitzer and that such payment was unlawful. Nevertheless, he agreed, and a week or two after the settlement, he met with Reynolds and paid him $2,400 in cash that he had withdrawn from his personal account. His decision to do so was motivated by his knowledge of his secretary's financial burdens and need for a quick settlement. Respondent received no personal benefit, inasmuch as he was not compensated on the case, and indeed, paid the unlawful gratuity out of his own pocket.

The Hearing Panel noted that the misconduct was a single, aberrational act, which respondent honestly regretted.

The Referee, in a report and recommendation dated February 17, 2000, recommended that respondent be suspended from the practice of law for three months. On April 20, 2000, after hearing oral argument, a Hearing Panel issued its recommendation, affirming and joining in the Referee's recommended sanction.

The Committee now moves for an order pursuant to 22 NYCRR 605.15 (e) (1) confirming the determination of the Hearing Panel as to the Referee's findings of fact, conclusions of law and recommendation to suspend respondent from the practice of law for a period of three months. Respondent supports the application.

We conclude that the recommended sanction is appropriate.

In *Matter of Ingber* (239 AD2d 58), which also arose out of the underlying investigation, the sanction of public censure was imposed on the respondent for having agreed to pay a gratuity to expedite the handling of an insurance claim. However, the misconduct in the present matter is somewhat more serious, in that respondent had the opportunity to reflect on the wrongfulness of his conduct prior to making the payment, and nevertheless paid over the bribe; accordingly, a suspension is appropriate here. However, in mitigation it is particularly appropriate to take into account respondent's otherwise, unblemished, distinguished 30-year career as an attorney.

On balance, we consider respondent's single act of misconduct to be comparable to that of *Matter of Pollack* (244 AD2d 28), in which the attorney made a single payment to a public servant to expedite access to information, for which a three-month suspension was imposed.

Accordingly, the motion should be granted, the Hearing Panel's determination confirmed and respondent suspended from the practice of law for a period of three months.

RUBIN, J. P., ANDRIAS, SAXE, BUCKLEY and FRIEDMAN, JJ., concur.

Motion to confirm determination of Hearing Panel granted, and respondent suspended from the practice of law in the State of New York for a period of three months, effective November 27, 2000.