[719 NYS2d 250]

In the Matter of Stephen H. Fields (Admitted as Stephen Harvey Fields), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 18, 2001

## APPEARANCES OF COUNSEL

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael S. Ross* of counsel (*LaRossa & Ross,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stephen H. Fields was admitted to the practice of law in the State of New York by the Second Judicial Department on December 17, 1958, as Stephen Harvey Fields. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On May 21, 1999 respondent pleaded guilty in Supreme Court, New York County, to the lesser included offense of commercial bribing in the second degree (Penal Law § 180.00), a class A misdemeanor, for his participation in a bribery scheme involving insurance adjustors. Respondent was sentenced to an unconditional discharge and a fine of $2,500.

By order entered October 18, 1999, this Court granted the petition of the Departmental Disciplinary Committee (Committee) for an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d); no interim suspension was sought. Respondent served an affidavit supporting the Committee's petition.

On February 15, 2000, a hearing was held to determine the appropriate sanction. The Committee suggested that the respondent be suspended for one year, and the respondent recommended a six-month suspension. An appointed Referee found that between December 1993 and June 1994, respondent agreed to pay bribes to corrupt insurance company adjusters through "middlemen," Joseph McGrath and Edward Quigley, for the expedited handling and settlement of personal injury cases. Specifically, the Referee found that respondent paid McGrath a fee to expedite the handling and settlement of six personal injury cases, knowing that McGrath would give part of that fee as bribes to insurance company adjustors. The Referee further found that respondent continued to take part in the scheme, even when he discovered that it was illegal. As a result of an investigation by the District Attorney's office, respondent was indicted on June 23, 1995, approximately one year after he stopped participating in the scheme.

The Referee concluded that respondent's continued participation in the bribery scheme despite knowing that his conduct was unlawful, was an aggravating factor. In mitigation, the Referee found that, although the respondent assigned multiple cases to the middlemen for unlawful expediting, he only paid out one bribe; he withdrew from the scheme long before his arrest; he made the payment only to expedite the handling of the insurance claim, not to artificially increase the amount of the settlement; he had an unblemished legal career; and that he was under considerable pressure due to his son's addiction and his law partner's sudden withdrawal from their firm.

Comparing the facts of this case to others in which attorneys had engaged in the same scheme as the respondent (*see, Matter of Ingber*, 239 AD2d 58 [public censure]; *Matter of Rotter*, 241 AD2d 81 [two-year suspension]), the Referee recommended that the respondent be suspended from the practice of law for nine months. The Hearing Panel confirmed the Referee's report and recommended sanction.

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the Hearing Panel's determination, which, in turn, confirmed the Referee's findings of fact, conclusions of law and recommendation as to sanction. Respondent joins with the Committee's motion.

The Hearing Panel's determination is supported by the evidence. While respondent did participate in an illegal gratuity scheme, his actual payment consisted of a single bribe at a time when he was under severe personal and professional pressure. Moreover, respondent's participation was limited to expediting the case, not for the purpose of affecting the amount of the settlement (*compare, Rotter, supra*), and he withdrew from the scheme long before his participation was detected and without any reason to believe it would be discovered.

Accordingly, the Departmental Disciplinary Committee's motion to confirm the Hearing Panel's determination and to impose the sanction of a nine-month suspension from the practice of law should be granted.

Sullivan, P. J., Nardelli, Williams, Mazzarelli and Andrias, JJ., concur.

Motion granted, determination of Hearing Panel confirming the report and recommendation of Referee confirmed and re-

spondent suspended from the practice of law in the State of New York for a period of nine months, effective February 16, 2001, and until the further order of this Court.