[721 NYS2d 330]

In the Matter of ALAN I. ZASKY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 22, 2001

## APPEARANCES OF COUNSEL

*Vitaly Lipshansky* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Frederick P. Hafetz* and *Jill R. Shellow-Lavine* of counsel (*Goldman & Hafetz,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Alan I. Zasky, was admitted to the practice of law in the State of New York by the First Judicial Department on June 23, 1959. Respondent has maintained an office for the practice of law within this Department during all periods relevant to this proceeding.

On November 19, 1999, respondent pleaded guilty, in Supreme Court, New York County, to the lesser included offense of commercial bribing in the second degree (Penal Law § 180.00), a class A misdemeanor, for his participation in a bribery scheme involving insurance adjusters. He was sentenced to a conditional discharge and was ordered to pay a fine of $1,000 and to make restitution in a total amount of $7,250 to two insurance companies.

By an order entered February 18, 2000, this Court granted the petition of the Departmental Disciplinary Committee (Committee) for an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and directed respondent to show cause why a final disciplinary sanction should not be imposed.

On May 17, 2000, a hearing was held to determine the appropriate sanction. An appointed Referee found that respondent had developed a relationship between 1992 and 1994 with a former insurance claims supervisor through which bribes were paid to "expedite" settlements for respondent's clients. Specifically, the record evidence upon which the Referee based his recommendation of a six-month license suspension established: that respondent was a highly experienced practitioner; that respondent was formally admonished by the Committee in 1991 for neglecting a legal matter in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30); that respondent began a relationship in September 1992 which lasted until 1994 with a former insurance claims supervisor to pay bribes to insurance adjusters to "expedite" settlements; that two such bribes were paid in 1994; that the only reason respondent stopped participating in this scheme was because he discovered that he was under investigation by the District Attorney's office; and, that respondent had pleaded guilty to the misdemeanor and had been ordered to pay restitution. The Referee considered aggravating and mitigating factors in reach-

ing his conclusion that a six-month suspension of respondent's license was appropriate and consistent with our prior decisions.

The Committee has moved for an order confirming the Hearing Panel's determination dated September 5, 2000, which, in turn, confirmed the Referee's findings of fact, conclusions of law and recommendation contained in a report and recommendation dated July 11, 2000, that respondent should be suspended from the practice of law for six months. While respondent argued before the Referee and the Hearing Panel that the appropriate sanction should be public censure, he now agrees that the recommended sanction of a six-month suspension is proper but argues that the sanction should be imposed nunc pro tunc from November 22, 1999, the next working day after his guilty plea since he voluntarily ceased practicing law then and also due to the existence of mitigating factors which, respondent claims, were not adequately considered by the Referee or the Hearing Panel. We find that the Hearing Panel's determination is supported by the evidence.

Respondent engaged in two separate and distinct acts of bribery and was only deterred from continuing his illicit scheme when he became aware of being investigated. Respondent knew from the beginning of his relationship with the former claims supervisor that this scheme involved bribery yet he persisted in his criminal conduct during a long period of time. Respondent had been previously disciplined. Respondent's character witnesses were not familiar with the details of his illicit conduct. Finally, while this Court has permitted retroactive suspensions where the attorney's cessation of practice was voluntary (*see Matter of McEnroe*, 174 AD2d 67), respondent only refrained from the practice of law following his conviction and when his law partner forced him out of the firm by changing the locks and withdrawing all firm money from the bank. The Hearing Panel properly analyzed the sanction here in comparison with discipline imposed on other attorneys who had engaged in similar conduct (*see Matter of Fields*, 280 AD2d 104).

Accordingly, the Departmental Disciplinary Committee's motion to confirm the Hearing Panel's determination and to impose the sanction of a six-month suspension from the practice of law should be granted.

WILLIAMS, J. P., MAZZARELLI, LERNER, RUBIN and BUCKLEY, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof, and until the further order of this Court.