[722 NYS2d 505]

In the Matter of DAVID M. KREITZER (Admitted as DAVID MARK KREITZER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 27, 2001

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*David M. Kreitzer,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent David M. Kreitzer was admitted to the practice of law in the State of New York by the Second Judicial Department on October 23, 1974, as David Mark Kreitzer. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On February 18, 1997, this Court issued an order suspending the respondent from the practice of law for three years, in a separate disciplinary matter in which he was found guilty of neglecting 12 legal matters, of prejudicing some of his clients' rights, and of misrepresenting to a client the status of his case (*Matter of Kreitzer,* 229 AD2d 188). Respondent's disciplinary history also includes four prior letters of admonition.

On December 3, 1999, respondent pleaded guilty to the lesser included offense of commercial bribing in the second degree (Penal Law § 180.00), a class A misdemeanor, for his participation in the "ten percenter" bribery scheme involving insurance adjusters. The indictment charged respondent with one count each of commercial bribing in the first degree and scheming to defraud in the first degree, both felonies. Respondent was sentenced to a conditional discharge, a fine of $1,000, and was directed to pay a mandatory surcharge of $150.

By order entered May 3, 2000, this Court granted the petition of the Departmental Disciplinary Committee (Committee) for an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d), directed respondent to show cause why a final disciplinary sanction should not be imposed, and directed that the respondent remain suspended until further order of this Court.

On July 27, 2000, a hearing was held and by a report and recommendation dated November 7, 2000, the Referee recommended that the respondent be suspended for five years. A Hearing Panel heard oral argument, and in a report dated

December 22, 2000, confirmed the Referee's report in its entirety. The report described the circumstances underlying the respondent's crime, which consisted of paying an employee of an insurance company to influence his conduct in the handling of an insurance claim. In total, the respondent admitted to paying "middlemen" for their assistance in settling 13 cases, understanding that they would pay a portion of their fee to the insurance adjuster who resolved the case.

The Referee concluded that the respondent continued to pay a middleman subsequent to receiving a subpoena from the District Attorney's office regarding an investigation thereof. The Referee also noted respondent's extensive disciplinary history which included four letters of admonition over a two-year period for neglect and mishandling of legal matters, and prejudicing a client during the course of the professional relationship. Respondent's disciplinary history also included a three-year suspension based upon 26 charges involving 13 different clients (see, Kreitzer, supra, at 190 [testimony established "a clear and unmistakable pattern of serious neglect of [respondent's] professional responsibilities"]).

In mitigation, the Referee took into account the fact that respondent took full responsibility for his actions, his active participation with cancer organizations following two bouts with cancer, and his cooperation with the Committee in its investigation.

The Committee now moves for an order pursuant to 22 NYCRR 605.15 (e) (2) confirming the findings of fact and conclusions of law set forth in the Hearing Panel's determination and report of the Referee, and imposing upon the respondent whatever sanction this Court deems just and proper. Respondent has submitted a cross-petition for an order confirming in part and disaffirming in part the findings of fact and conclusions of law set forth in the reports by the Referee and Hearing Panel. Respondent admits to only nine instances of paying "middlemen," and he urges that an appropriate sanction would be a six-month suspension, rather than a five-year suspension or disbarment.

The Hearing Panel's determination is supported by the evidence. Respondent's participation in the illegal gratuity scheme constituted a pattern of egregious misconduct far more serious than other "middleman" bribery cases this Court has recently addressed (see, Matter of Rotter, 241 AD2d 81 [two-year suspension for attorney involved in "ten percenter scheme" who engaged in inappropriate conduct on at least two occasions

with disciplinary record including two prior admonitions]; *Matter of Ingber*, 239 AD2d 58 [public censure for one uncompleted act of bribery]; *Matter of Sales*, 276 AD2d 4 [three-month suspension for single act of misconduct and no disciplinary history]; *Matter of Fields*, 280 AD2d 104 [nine-month suspension for single bribe where respondent had a history of serious personal problems]).

Given respondent's extensive disciplinary history, and his admission to the egregious continued pattern of making bribes to insurance adjusters, we find that the sanction of disbarment is more appropriate (*see, Matter of Jochnowitz*, 189 AD2d 342 [participation in illegal kickback scheme involving city official warrants disbarment]; *Matter of Canavan*, 183 AD2d 186 [filing false tax return for failure to report income used for payments of kickbacks and bribes to Judges in Illinois traffic court warrants disbarment]; *Matter of Lefkowitz*, 105 AD2d 161 [numerous bribes made to law assistant to secure favorable or expeditious disposition of motions warrants disbarment]).

Accordingly, the Departmental Disciplinary Committee's motion to confirm the Hearing Panel's findings of fact and conclusions of law should be granted, the recommended sanction disaffirmed, respondent disbarred and his name stricken from the role of attorneys and counselors at law. Respondent's cross-motion for an order confirming in part and disaffirming in part the findings of fact and conclusions of law set forth in the reports by the Referee and Hearing Panel, and for imposition of a six-month suspension should be denied.

SULLIVAN, P. J., ROSENBERGER, NARDELLI, MAZZARELLI and RUBIN, JJ., concur.

Respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. [As amended by unpublished order entered June 19, 2001.]