[950 NYS2d 135]

In the Matter of UNNI KRISHNAN (Admitted as KODAMPALLIL R. UNNIKRISHNAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 4, 2012

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Chris McDonough,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Unni Krishnan was admitted to the practice of law in the State of New York by the Second Judicial Department on August 20, 1997, under the name Kodampallil R. Unnikrishnan. At all times relevant to this proceeding respondent maintained an office for the practice of law within the First Department. Respondent currently maintains a law office in the Second Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact and conclusions of law as set forth by the Hearing Panel, and imposing whatever sanction this Court deems just and proper under the circumstances where respondent pleaded guilty to giving unlawful gratuities to a police officer, in violation of Penal Law § 200.30, a class A misdemeanor, and aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2-a), an unclassified misdemeanor. Respondent was sentenced to, among other things, an intermittent term of imprisonment for eight consecutive weekends, probation not to exceed three years, his driving privileges were revoked for one year, and certain alcohol related conditions were imposed.

After respondent was sentenced, the Committee petitioned this Court for an order deeming respondent's conviction for giving unlawful gratuities a "serious crime" pursuant to 22 NYCRR 603.12 (a) and Judiciary Law § 90 (4) (d). This Court deemed the conviction a "serious crime" and, pursuant to 22 NYCRR 603.12 (b) and Judiciary Law § 90 (4) (g), referred the matter back to the Committee for assignment to a Hearing Panel to conduct a sanction hearing.*

At the sanction hearing, respondent testified on his own behalf and called his treating psychologist as an expert witness,

---

* As noted by the Panel, respondent's aggravated driving while intoxicated conviction does not qualify as a "serious crime" offense under Judiciary Law § 90 (4) (d), nor did the Committee bring a formal charge alleging that the conviction constitutes illegal conduct which adversely reflects on respondent's fitness as a lawyer.

and his wife as a character witness. Respondent also introduced character evidence in the form of 11 affirmations and affidavits attesting to, inter alia, his excellent reputation for honesty and morality, the shame and disgrace respondent felt as a result of being convicted of a crime and having to serve jail time, his pro bono work and community activities. Respondent testified that on the date of the incident, he went to lunch with friends during which he drank heavily. He then returned to his office and his friends eventually left. Respondent left his Jackson Heights office around 5:00 p.m. intending to drive home to Elmont, but after he crossed into Nassau County, his car collided with a telephone pole. Respondent had no recollection of the accident other than, after he exited his damaged vehicle, he was handcuffed, placed in the back of a police vehicle, and taken to a police station. Respondent testified that he had no recollection of the events that occurred at the police station, including his attempt to bribe a police officer with a personal check for $2,000.

In post-hearing memoranda, the Committee argued that respondent should be suspended for six months, and respondent suggested a sanction no more severe than public censure. In its report, the Hearing Panel unanimously recommended public censure. The Panel noted that the Committee's position that a six-month suspension was warranted was based, in part, on the fact that respondent was convicted of two offenses on September 10, 2012—giving an unlawful gratuity and aggravated driving while intoxicated. However, the Panel concluded that since respondent's conviction for driving while intoxicated did not qualify as a "serious crime," it should not be the basis for sanction in this proceeding. Nonetheless, the Panel considered it for the purpose of placing respondent's unlawful gratuity conviction in context, noting that "[w]e cannot help but observe that an attorney who would offer to bribe a police officer by means of a personal check would have to have had his judgment impaired by something."

In formulating its sanction recommendation, the Panel considered precedent involving attorneys convicted of bribery related offenses (some of which involved convictions for the offense of commercial bribery) in which the sanctions imposed have ranged from censure to disbarment (*see e.g. Matter of Fields*, 280 AD2d 104 [2001] [nine months suspension]; *Matter of Lubell*, 246 AD2d 27 [1998] [censure]; *Matter of Strier*, 190 AD2d 140 [1993], *lv denied* 82 NY2d 663 [1993] [disbarment]). The Panel concluded that respondent had acted in his capacity

as a private person (not an attorney), and had engaged in "a single aberrational act . . . not likely to be repeated [nor] was it part of a fraudulent scheme to obtain some benefit to which [he] or his client was not entitled." We find that while respondent's misdemeanor conviction of offering an unlawful gratuity is serious misconduct, the specific facts of this matter, when considered in conjunction with the relevant precedent, support the Hearing Panel's recommendation of a public censure regarding this misconduct (*see Matter of Lubell*, 246 AD2d 27 [1998]) as well as the conviction for driving while intoxicated (*see Matter of Antomattei*, 96 AD3d 136 [2012]).

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings of fact and conclusions of law should be granted, and respondent is publicly censured.

TOM, J.P., SAXE, ACOSTA, FREEDMAN and ABDUS-SALAAM, JJ., concur.

Respondent publicly censured.