OPINION OF THE COURT
Per Curiam.
Respondent Theodore Levy Freedman was admitted to the practice of law in the State of New York by the First Judicial Department on May 4, 1992. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
On March 5, 2013, respondent pleaded guilty in the United States District Court for the Southern District of New York to four counts of making and subscribing false U.S. income tax returns, a felony, in violation of 26 USC § 7206 (1). Respondent admitted underreporting the full amount of his K-l income when he filed his federal income tax returns for tax years 2001 through 2004 (approximately $2 million across the four years) and, at the time he signed his returns, he knew they were not correct.
Pursuant to a plea agreement, respondent agreed to, among other things, make restitution in the amount of $671,219.08 to the Internal Revenue Service and $169,308.95 to New York State for tax years 1999 through 2004, for a total of $840,528.03. Respondent is scheduled to be sentenced on September 17, 2013.
The Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the Committee or a Referee which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made within 90 days following the imposition of sentence, or respondent’s release from incarceration, if applicable, pursuant to Judiciary Law § 90 (4) (g).
Respondent, through counsel, states that he does not oppose the relief sought. Respondent acknowledges that he is guilty of a “serious crime” under New York law and does not oppose the imposition of an interim suspension; respondent has not practiced law since October 2010 and has no current intention of doing so.
The crime of which respondent was convicted is a “serious crime” within the meaning of Judiciary Law § 90 (4) (d) and *153 Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b). As this Court has previously held, convictions of felonies under the United States Code constitute serious crimes within the meaning of the statute (see Matter of Canavan, 183 AD2d 186 [1st Dept 1992]; Matter of Oshatz, 181 AD2d 382 [1st Dept 1992]). Accordingly, respondent’s conviction mandates the conclusion that he has been convicted of a “serious crime.”
This Court has consistently held that it is appropriate, pursuant to Judiciary Law § 90 (4) (f), to suspend an attorney who has been convicted of a “serious crime” until a final order is issued (see Matter of Ruble, 66 AD3d 48 [1st Dept 2009]; Matter of Lynch, 55 AD3d 213 [1st Dept 2008]). Although respondent has not yet been sentenced following his conviction, he consents to his immediate suspension until a final order of sanction is issued.
Accordingly, the Committee’s petition should be granted, the offense of which respondent has been convicted deemed a “serious crime” pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), respondent immediately suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), and respondent directed to show cause before a Hearing Panel designated by the Committee, which shall hold a hearing within 90 days of the date of the imposition of sentence, or respondent’s release from incarceration, if applicable, and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.
Gonzalez, PJ., Friedman, Moskowitz, Manzanet-Daniels and Feinman, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.